## NATIONAL LABOR RELATIONS BOARD, Petitioner,

**Hotel, Motel, Restaurant Employees and Bartenders Union, Local 12, Hotel and Restaurant Employees and Bartenders International Union, AFL–CIO, Intervenor,**

v.

**The SAMURAI, INC., d/b/a the Samurai/Kabuki Japanese Steak House, Respondent.**

No. 77–1439.

United States Court of Appeals, Sixth Circuit.

Oct. 31, 1979.

Rehearing and Rehearing En Banc Denied Jan. 22, 1980.

---

Elliott Moore, Paul J. Spielberg, Deputy Associate Gen. Counsel, Susan Dalin, Ruth E. Peters, John S. Irving, N. L. R. B., Washington, D. C., for the N. L. R. B.

Jerry F. Venn, Kevin P. Jones, Cincinnati, Ohio, for intervenor.

Paul H. Tobias, Tobias & Kraus, Cincinnati, Ohio, for respondent.

Before CELEBREZZE, MERRITT and KENNEDY, Circuit Judges.

### ORDER

Petitioner NLRB, together with Hotel, Motel, Restaurants and Bartenders Union Local # 12 AFL–CIO as Intervenor, seeks enforcement of its order that Samurai enter into collective bargaining. We hold that the findings underlying the order are not supported by substantial evidence. We, therefore, deny enforcement.

On December 16, 1974, the Union filed a representation petition with the Board, seeking certification as the collective bargaining representative of the employees of Eurasian Enterprises, Inc. An election was conducted on May 2, 1975, and the Union won a majority. Five days later Eurasian filed objections, primarily on the basis of alleged coercive pro-union activity of two supervisors.

Before a final hearing was held, however, Eurasian sold its assets to Samurai, an independent and unrelated company.

A final hearing was conducted on March 1–2, 1976, at which the hearing officer recommended that the election objections be overruled, and certification be given. He found that Samurai was a "successor employer" to Eurasian, and recommended that Eurasian be dismissed as respondent and that Samurai be substituted. The hearing officer then determined that the conduct of the supervisors had not been coercive and had not led employees to believe that Eurasian was in favor of the Union. Alternatively, he ruled that Samurai could not complain of misconduct of the supervisors because Eurasian, Samurai's predecessor, had knowledge of the alleged misconduct and had not taken affirmative action to halt or disavow it. The Regional Director adopted the hearing officer's findings and recommendations, and certified the Union.

Samurai, however, refused to bargain, and the Union filed unfair labor practice charges with the NLRB that Samurai violated § 8(a)(5) and (1) of the National Labor Relations Act. After another set of proceedings the Board ordered Samurai to bargain with the Union, and applied to this Court for enforcement of the order.

The NLRB argues that it properly overruled Samurai's objections to the election and that Samurai is obligated to bargain with the Union.

Samurai disputes the findings from the previous set of proceedings, regarding coercion. It also claims the Board erred in its alternative holding by incorrectly applying the "disavowal" rule where Eurasian's anti-union stance was clear, where disavowal could not cure the misconduct, and where Eurasian took reasonable steps to halt all pro-union conduct of which it was aware.

Upon review and consideration of the record, we conclude that the Board's rulings on coercion and disavowal are not supported by substantial evidence. On the issue of coercion, the record indicates instances of threats, bribes and intimidation including physical abuse. Nor are we persuaded by the finding that the employer Eurasian did not properly disavow the supervisors' pro-union activity. This finding itself is internally inconsistent with the credence the Board gives to testimony by the employer that "he informed the employees that he preferred that they not select the [Union] . . . and urged them to vote against [it]." Because the Board's findings are not supported by substantial evidence, we hereby deny enforcement.